AO 106 (Rev. 01/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Kansas

FILED
U.S. District Court
District of Kansas

APR 11 2017

Clerk, U.S. District Court
By: _____ Deputy Clerk

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>IINFORMATION ASSOCIATED WITH BGANN69@YAHOO.COM,<br>CG697@YAHOO.COM, AND SCREEN NAME/USER ID<br>RFDYNNG6XVORFZXCG2F42XABAI<br>THAT IS STORED AT PREMISES CONTROLLED BY<br>YAHOO! INC. | ) ) ) ) ) ) ) | Case No. 17-m-6046-01-KGG |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ___Northern___ District of ___California___ *(identify the person or describe property to be searched and give its location):*

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):*

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ___18___ U.S.C. § ___2252 & 2252A___, and the application is based on these facts:

☑ Continued on the attached sheet. (see attached affidavit of probable cause)
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ___) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

John V. Ferreira, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 11, 2017

_____
*Judge's signature*

City and state: Wichita, KS

Kenneth G. Gale, United States Magistrate Judge
*Printed name and title*

FILED
U.S. District Court
District of Kansas

APR 11 2017

Clerk, U.S. District Court
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH BGANN69@YAHOO.COM, CG697@YAHOO.COM, AND SCREEN NAME/USER ID RFDYNNG6XVORFZXCG2F42XABAI THAT IS STORED AT PREMISES CONTROLLED BY YAHOO! INC. | Case No. 17-M-6046-01-KGG<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, John V. Ferreira, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with a certain account that is stored at premises controlled by Yahoo!, Inc. (YAHOO), an email provider headquartered at 701 First Avenue, Sunnyvale, California 94089. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require YAHOO to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2. I am a special agent with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), am assigned to the Office of HSI Wichita, Kansas. I have been employed by HSI for over 12 years. Prior to service with HSI, I served for 9 years as a police

officer for the Arizona Department of Public Safety. During my employment with HSI, I have had the opportunity to conduct, coordinate and participate in many investigations relating to Child Exploitation. I have had the opportunity to conduct, coordinate, and participate in investigations of violations of Title 18, United States Code (U.S.C) § 2252, certain activities relating to the distribution of child pornography. I am authorized to investigate violations of laws of the United States, and I am a law enforcement officer with authority to execute arrest and search warrants under the authority of the United States, including violations of Title 18, U.S.C. § 2252. I have participated in a wide variety of criminal investigations and the preparation and execution of search warrants related to a varied of federal crimes, to include violent crime, crimes against children, document fraud, benefits fraud, illegal entry to the United States, and other federal crimes.

3. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. 2252 and 2252A have been committed by CHARLES GANN, the user of BGANN69@YAHOO.COM and CG697@YAHOO.COM and screen name/user ID RFDYNNG6XVORFZXCG2F42XABAI. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, and/or fruits of these crimes further described in Attachment B.

**JURISDICTION**

5. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## **PROBABLE CAUSE**

6.     On July 27, 2016, Detective Wright used a BitTorrent application to conduct undercover investigations into the internet sharing of child pornography on the BitTorrent file-sharing network. Detective Wright identified a sharing client on the network offering files previously identified as containing child pornography.

### **The Downloads and Identification of Charles Gann**

7.     Detective Wright downloaded files from the sharing client and captured its IP address (68.103.1.15) and software version at the time of the file transfer. The date and time for the download was on July 27, 2016 between 11:02:41 and 11:34:50 GMT -05:00. The software version used by the sharing client was Tribler 6.5.2.

8.     Detective Wright successfully downloaded approximately 200 files. All of these files were located in a folder titled "pedo pics real pthc lolita underage preteen babyshivid." The files included the following:

   a. File "4yo_anja..jpg", an image depicting a white prepubescent female, estimated as under the age of five, nude from the waist up with her hand on a white male's erect penis.

   b. File "girls 0 to 5 having sex with men 1122934963924.jpg", an image depicting a white prepubescent female, estimated as under the age of five, lying on her back with her eyes closed with a white male's erect penis placed on her mouth.

   c. File "girls 0 to 5 having sex with men man rub dick with baby m 53636.jpg", an image depicting an adult white male's erect penis under a nude female toddler. The penis was touching her buttocks and the focus of the picture was the penis and vaginal area.

9.     Detective Wright utilized Maxmind.com to research IP address 68.103.1.15. The IP address was listed as being used by Cox Communications to give customers Internet access in the state of Kansas.

3

10. Detective Wright requested that I obtain a summons for the subscriber information for the user behind the IP address 68.103.1.15 during the time of the downloads that occurred on July 27, 2016. The summons was served and Cox Communications sent the subscriber information for this IP address. The subscriber was identified as Charles Gann, 1406 Harding St., Great Bend, Kansas with the phone number 620-603-6495.

### The Interview of Charles Gann

11. On December 13, 2016, Det. Wright and I interviewed Charles Gann. This contact was made regarding the distribution of child pornography over a file sharing network. Gann was read Miranda and agreed to speak with us without the presence of an attorney.

12. Gann said he used Yahoo account BGANN69@YAHOO.COM in November 2016 to send files of child pornography to females/users he met on alternative dating websites, called Adult Friend Finder and Alt.com. Gann said the email account BGANN69@YAHOO.COM had been deactivated by Yahoo.

13. Gann said there were two screen names on Adult Friend Finder for women he engaged in conversations with to have sex with their children. A contact in the Overland Park, Kansas area used the screenname kuriousbusymom. This person claimed to be a woman with four children aged 8, 10, 12 and 14. Kuriousbusymom claimed to have sex with her 10 year old daughter. The second contact was YmmymomDD from the North Central Nebraska area. YmmymomDD claimed to be a woman who was engaged in sex with her 5 year old granddaughter.

14. Gann said he interacted with screenname chrissy608 on Alt.com. Chrissy608 was from Pennsylvania but later moved to Brandon, South Dakota. Gann said chrissy608 claimed to be a woman who wanted someone to have sex with her 11 year old daughter.

15. Gann said he used Yahoo Messenger to engage in conversations with the females/users above but wasn't certain to which contacts he sent the files. Gann said he only participated in the conversations and trading of child pornography.

### Search of Gann's Smartphone

16. Gann had with him a Verizon SM-G930V smartphone. This smartphone was collected by Det. Wright and a federal search warrant was obtained to exam this device.

17. The contents of this device also revealed on November 22, 2016, the Yahoo email account BGANN69@YAHOO.COM had been accessed on the device. An email received by BGANN69@YAHOO.COM had been accessed on November 22, 2016 with the subject of the email being "View my pics." This email was sent by an email account using a long string and numbers along with the name Jessica.

18. The contents of this device revealed that, on March 19, 2004, an email was sent to CG697@YAHOO.COM regarding a password change to the Yahoo ID bgann69. This email was sent to CG697@YAHOO.COM as a notification from Yahoo to protect the security of the account.

19. The device revealed both email accounts CG697@YAHOO.COM and BGANN69@YAHOO.COM were accessed from this device in 2016. On November 28, 2016, an email sent by CG697@YAHOO.COM to chrissy608@yahoo.com. This email had the subject "kinkytaboo14" and the text of the email is "This is kinkytaboo14 from alt.com email go deleted."

### The CyberTipline Reports

20. Detective Wright reviewed CyberTipline report 15672076. This report was related to a notification made by YAHOO and also appears to be related to the statement from Gann. The report indicated the upload of four picture files using YAHOO Messenger on November 28, 2016 at 14:05:48 UTC. YAHOO did not provide information on the recipient, but provided information

5

related to the sender/uploader. The account uploading the files was identified as: bo gann, phone: 620-304-0174; email: BGANN69@YAHOO.COM and screen/user name: RFDYNNG6XVORFZXCG2F42XABAI; alternate email: bgann69@gmail.com.

21. Detective Wright viewed the following images from the report, which are described below:

    a. File img.11-1.jpg – Upload from IP address 172.208.1.169 on November 28, 2016 17:53:03 UTC. The image depicted a nude white female who was sitting on a bed with her legs apart and her left hand on her vaginal area. She was performing oral sex on an adult white male's erect penis. She appeared to be under the age of ten.

    b. File img.10-1.jpg – Upload from IP address 172.208.1.169 on November 28, 2016 18:05:18 UTC. The image depicted a nude white female standing facing the camera. She appeared to be under the age of 18.

    c. File img.29-1.jpg – Upload from IP address 174.209.9.251 on November 28, 2016 13:04:48 UTC. The image depicted a nude white female who was in a bathroom. Her breasts and vaginal area were exposed and it appeared she was taking the photograph. She appeared to be under the age of 18.

    d. File img.9-1.jpg – Upload from IP address 172.208.1.169 on November 28, 2016 18:07:29 UTC. The image appeared to be the same picture file as img.10-1.jpg.

22. From the CyberTipline Report, it is apparent that, though deactivated, Yahoo has preserved the BGANN69@YAHOO.COM account.

## BACKGROUND CONCERNING EMAIL

23. In my training and experience, I have learned that YAHOO provides a variety of on-line services, including electronic mail ("email") access, to the public. YAHOO allows subscribers to obtain email accounts at the domain name **yahoo.com**, like the email accounts listed in Attachment A. Subscribers obtain an account by registering with YAHOO. During the registration process, YAHOO asks subscribers to provide basic personal information. Therefore, the computers of YAHOO are likely to contain stored electronic communications (including retrieved and unretrieved email for YAHOO subscribers) and information concerning subscribers

6

and their use of YAHOO services, such as account access information, email transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

24.  A YAHOO subscriber can also store with the provider files in addition to emails, such as address books, contact or buddy lists, calendar data, pictures (other than ones attached to emails), and other files, on servers maintained and/or owned by YAHOO. In my training and experience, evidence of who was using an email account may be found in address books, contact or buddy lists, email in the account, and attachments to emails, including pictures and files.

25.  In my training and experience, email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training and my experience, I know that, even if subscribers insert false information to conceal their identity, this information often provides clues to their identity, location, or illicit activities.

26.  In my training and experience, email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (*i.e.*, session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as

7

logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

27.   In my training and experience, in some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

28.   YAHOO also operates Yahoo! Flickr, an online photo management and sharing application. Users can upload and share files using this service. A user can upload photos and videos to Flickr from any device they use to sign into their Flickr account. Flickr is an image hosting and video hosting website and web services suite that was created by Ludicorp in 2004 and acquired by Yahoo on March 20, 2005. In addition to being a popular website for users to share and embed personal photographs, and effectively an online community, the service is widely used by photo researchers and by bloggers to host images that they embed in blogs and social media. Users can organize and edit their uploaded files using Flickr. Users can share these files by joining or starting a group. A group can either be public, public by invite only, or private. Each

8

group can utilize a discussion board to communicate with each user within the group. Users can select to control the privacy of their group. Users can build relationships on Flickr by adding other users as a Friend or Family or both. Using this contacts page users can communicate with the other users they have designated as a friend, family or both.

29. This application seeks a warrant to search all responsive records and information under the control of YAHOO, a provider subject to the jurisdiction of this court, regardless of where YAHOO has chosen to store such information. The government intends to require the disclosure pursuant to the requested warrant of the contents of wire or electronic communications and any records or other information pertaining to the customers or subscribers if such communication, record, or other information is within YAHOO's possession, custody, or control, regardless of whether such communication, record, or other information is stored, held, or maintained outside the United States.[1]

30. As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the

---

[1] It is possible that YAHOO stores some portion of the information sought outside of the United States. In Microsoft Corp. v. United States, 2016 WL 3770056 (2nd Cir. 2016), the Second Circuit held that the government cannot enforce a warrant under the Stored Communications Act to require a provider to disclose records in its custody and control that are stored outside the United States. As the Second Circuit decision is not binding on this court, I respectfully request that this warrant apply to all responsive information— including data stored outside the United States—pertaining to the identified account that is in the possession, custody, or control of YAHOO. The government also seeks the disclosure of the physical location or locations where the information is stored.

information stored in connection with an email account can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time. Further, information maintained by the email provider can show how and when the account was accessed or used. For example, as described below, email providers typically log the Internet Protocol (IP) addresses from which users access the email account, along with the time and date of that access. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the email account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner. Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (*e.g.*, location information integrated into an image or video sent via email). Last, stored electronic data may provide relevant insight into the email account owner's state of mind as it relates to the offense under investigation. For example, information in the email account may indicate the owner's motive and intent to commit a crime (*e.g.*, communications relating to the crime), or consciousness of guilt (*e.g.*, deleting communications in an effort to conceal them from law enforcement).

## **CONCLUSION**

31.     Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on YAHOO, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## REQUEST FOR NON-DISCLOSURE

32. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order."

33. In this case, such an order would be appropriate because the attached warrant relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached warrant will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers, or the device itself.

34. I respectfully requests that the Court grant the attached Order directing YAHOO not to disclose the existence or content of the attached warrant, except that YAHOO may disclose the attached warrant to an attorney for YAHOO for the purpose of receiving legal advice. I further request that the order of non-disclosure will extend for 90 days after the delivery of YAHOO's response to the warrant to HSI. The 90 day period of non-disclosure may be extended upon motion of the United States, pursuant to 18 U.S.C. § 2705(a)(4).

Respectfully submitted,

_____
JOHN V. PERREIRA
Special Agent
HSI


Subscribed and sworn to before me on ___April 11, 2017___, 2017.

_____
Honorable Kenneth G. Gale
UNITED STATES MAGISTRATE JUDGE

12

## **ATTACHMENT A**

**Property to Be Searched**

This warrant applies to information associated with:

BGANN69@YAHOO.COM

CG697@YAHOO.COM

Screenname/User ID RFDYNNG6XVORFZXCG2F42XABAI

that is stored at premises owned, maintained, controlled, or operated by YAHOO!, Inc., a company headquartered at 701 First Avenue, Sunnyvale, California 94089.

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be disclosed by YAHOO (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, regardless of whether such information is stored, held or maintained inside or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

    a.    The contents of all emails or messages associated with the account, including stored or preserved copies of emails or messages sent to and from the account, draft emails, the source and destination addresses associated with each email or message, the date and time at which each email or message was sent, and the size and length of each email;

    b.    All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

    c.    The types of service utilized;

d.  All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

e.  All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken; and

f.  For all information required to be disclosed pursuant to this warrant, the physical location or locations where the information is stored.

The Provider is hereby ordered to disclose the above information to the government within **FOURTEEN DAYS** of the issuance of this warrant.

Further, under 18 U.S.C. § 2705(b), the Provider shall not disclose the existence of the attached warrant, or this Order of the Court, to the listed subscriber or to any other person (except that the Provider may disclose the attached warrant to an attorney for the Provider for the purpose of receiving legal advice), for a period of 90 days after delivery of Yahoo!'s response to the warrant to HSI.

II. **Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of **18 U.S.C. 2252 and/or 2252A**, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

a. The possession, receipt, distribution, advertising, or production of child pornography, as that term is defined n 18 U.S.C. 2256(8), and information otherwise tending to show an interest in child pornography or the sexual abuse of children.

b. Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

c. Evidence indicating the email account owner's state of mind as it relates to the crime under investigation;

d. The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

e. The identity of the person(s) who communicated with the user ID about matters relating to the sexual abuse or sexual exploitation of children, including records that help reveal their whereabouts.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Yahoo!, Inc., and my official title is _____. I am a custodian of records for Yahoo!, Inc. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Yahoo!, Inc., and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.    such records were kept in the ordinary course of a regularly conducted business activity of Yahoo!, Inc.; and

    c.    such records were made by Yahoo!, Inc., as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____

Date                                        Signature